**Marquis Aurbach Coffing**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Susan E. Gillespie, Esq.
Nevada Bar No. 15227
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
sgillespie@maclaw.com
  Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ARZOLA,<br><br>          Plaintiff,<br><br>vs.<br><br>ELKO POLICE DEPARTMENT, BART ORTIZ AND NATHANIEL BRADFORD,<br><br>          Defendants. | Case Number:<br>3:21-cv-00367-MMD-WGC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br><br>**(FIRST REQUEST)** |

Pursuant to LR 6-1 and LR 26-4, Defendants Elko Police Department, Bart Ortiz and Nathaniel Bradford ("Defendants"), by and through their attorneys of record, Marquis Aurbach Coffing, and Plaintiff Richard Arzola ("Plaintiff"), by and through his attorney of record, Shaun Rose Law LLC, hereby stipulate and request that this Court extend discovery deadlines in the above-captioned matter sixty (60) days, up to and including July 13 2022. In support of this stipulation and request, the parties state as follows:

**I.   PROCEDURAL HISTORY**

1.   On August 18, 2021, Plaintiff filed his Complaint.  ECF No. 1.

2.   On September 15, 2021, the Defendants filed their Answer to Plaintiff's Complaint.  ECF No. 5.

3.   On October 27, 2021, this Court entered the Discovery Plan and Scheduling Order.  ECF No. 8.

Page 1 of 4

MAC:11779-170 4587655_1 1/12/2022 8:20 AM

## II. DISCOVERY COMPLETED TO DATE

1. The original parties participated in the FRCP 26 conference on October 27, 2021.

2. Defendants served their Initial Rule 26 Disclosures on November 24, 2021.

3. Plaintiff served his Initial Rule 26 Disclosures on November 24, 2021.

4. Plaintiff served his First Supplemental Disclosures on December 17, 2021.

5. Plaintiff served his Second Supplemental Disclosures on January 10, 2022.

## III. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties are actively conducting discovery. However, Defendants specifically need additional time to retain and disclose their initial expert. For that reason and the reasons explained below, the Parties will need additional time to propound written discovery, respond to written discovery, and conduct depositions.

## IV. REMAINING DISCOVERY

1. Plaintiff needs to take the depositions of the named Defendants.

2. Defendants need to take the deposition of the Plaintiff.

3. Both parties need to serve and answer written discovery.

4. Both parties need to disclose their experts.

5. Plaintiff needs to take the deposition of the Defendants' expert(s), medical expert(s) and rebuttal expert(s).

6. Defendants need to take the depositions of the Plaintiff's expert(s), medical expert(s), and rebuttal expert(s).

This section does not limit the parties' ability to conduct other discovery.

## V. EXTENSION OR MODIFICATION OF THE DISCOVERY PLAN AND SCHEDULING ORDER

LR 26-3 governs modifications of extensions of the Discovery Plan and Scheduling Order. Pursuant to Local Rule 26-3, the Parties submit that good cause exists for the extension requested. This is the first request for an extension of discovery deadlines in this matter. The Parties acknowledge that, pursuant to Local Rule 26-3, any stipulation or motion

MAC:11779-170 4587655_1 1/12/2022 8:20 AM

must be made no later than twenty-one (21) days before the expiration of the subject deadline, and that a request made within 21 days must be supported by a showing of good cause. While the majority of the deadlines the Parties seek to extend are outside of the 21-day window, the deadline for initial expert disclosures is January 13, 2022. Thus, the Parties must establish that good cause exists to extend this deadline.

The Parties have been conducting discovery in this matter. However, after a review of the body cam footage in this matter and due to the complexity of the law surrounding Plaintiff's claims, it is necessary for the parties to retain an expert witness. Defendants have been working to retain such expert but have been delayed and will be unable to meet the current deadline. As the procedural history in this case illustrates, this is a fairly new matter with initial disclosures being disclosed less than two months ago. Again, it was not until after a review of the bodycam footage was it determined an expert would be necessary and then the retention of an expert has been delayed slightly. The Parties together request this in good faith and to further the resolution of this case on the merits, and not for any purpose of delay.

The Parties thus respectfully request an extension of time to extend the discovery in this matter to enable them to conduct necessary discovery in this matter and so that this matter is fairly resolved on the merits. Assuming that the Court determines that the "good cause" standard applies to all discovery deadlines sought to be extended by this Stipulation, this Court noted that "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc.,* No. 2:13-cv-0137-JCM-NJK, 2013 U.S. Dist. LEXIS 108235, 2013 WL 3975764 at 1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

MAC:11779-170 4587655_1 1/12/2022 8:20 AM

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Amend pleadings and add parties | Passed | |
| Initial Expert Disclosures Pursuant to FRCP 26(a)(2) | January 13, 2022 | March 14, 2022 |
| Rebuttal Expert Disclosures Pursuant to FRCP 26(a)(2) | February 14, 2022 | April 14, 2022 |
| Discovery Cut-Off | March 14, 2022 | May 13, 2022 |
| Dispositive Motion | April 13, 2022 | June 13, 2022 |
| Joint Pre-Trial Order | May 13, 2022 | July 13, 2022 (if dispositive motions are filed the deadline for filing the joint pre-trial order will be suspended until 30 days after a decision on the dispositive motions or further court order) |

This request for extensions of time is not sought for any improper purpose or for purposes of delay.

WHEREFORE, the parties respectfully request that this court extend the discovery dates as outlined in accordance with the table above.

IT IS SO STIPULATED this 12th day of January, 2022.

MARQUIS AURBACH COFFING            SHAUN ROSE LAW LLC

By: *s/Susan E. Gillespie*            By:    *s/Shaun M. Rose*
    Susan E. Gillespie, Esq.                Shaun M. Rose, Esq.
    Nevada Bar No. 15227                Nevada Bar No. 13945
    10001 Park Run Drive                9505 Hillwood Dr., Ste. 100
    Las Vegas, Nevada 89145                Las Vegas, NV 89134
    Attorney(s) for Defendants                Attorney for Plaintiff

## ORDER

IT IS SO ORDERED January 12, 2022.

.

*William G. Cobb*
United States Magistrate Judge

MAC:11779-170 4587655_1 1/12/2022 8:20 AM